**M.A. FUENTES, MD, Plaintiff–Appellant,**

v.

**David TILLES, Kathleen Boulware, Howard Zonana, Lewis Barry Newberg, Defendants–Appellees.**

No. 09–2954–cv.

United States Court of Appeals, Second Circuit.

May 10, 2010.

Michael Andrew Fuentes, Darien, CT, pro se.

Jane D. Comerford, Assistant Attorney General, for Richard Blumenthal, Attorney General of the State of Connecticut, Hartford, CT, for Appellees.

PRESENT: REENA RAGGI, PETER W. HALL, DENNY CHIN, Circuit Judges.

**SUMMARY ORDER**

*Pro se* plaintiff Michael Andrew Fuentes sued defendants for alleged violations of myriad federal laws, including the Sherman and Clayton Acts, 15 U.S.C. § 1 *et seq.* The district court approved and adopted Magistrate Judge Garfinkel's recommendation that Fuentes's complaint be dismissed *sua sponte* under 28 U.S.C.

§ 1915(e) as lacking an arguable basis in law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). We review such a dismissal *de novo. See Giano v. Goord,* 250 F.3d 146, 149–50 (2d Cir.2001). In doing so, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* —— U.S. ——, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). While we give "special solicitude" to *pro se* submissions, *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 475 (2d Cir.2006); *see also Harris v. Mills,* 572 F.3d 66, 72 (2d Cir.2009) (noting that, after *Twombly* and *Iqbal,* "we remain obligated to construe a *pro se* complaint liberally"), Fuentes's complaint plainly fails to "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged," *Ashcroft v. Iqbal,* 129 S.Ct. at 1949. Accordingly, the district court correctly dismissed the complaint.

On appeal, Fuentes does not contend that he should have been permitted leave to amend. Our *de novo* review of his complaint and his arguments to this court confirms that, in any event, amendment would have been futile. *See, e.g., Ellis v. Chao,* 336 F.3d 114, 127 (2d Cir.2003).

We have considered Fuentes's other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.